**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **REALTIME DATA, LLC d/b/a IXO,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 6:15-cv-00885** |
| **APPLE, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Realtime Data, LLC d/b/a IXO ("Realtime") files this Complaint for Patent Infringement against Defendant Apple, Inc. ("Apple") and asserts as follows:

**THE PARTIES**

1.      Since 1998, Realtime has researched and developed solutions to increase the speeds at which data can be stored and accessed.  Three of the patents-in-suit, U.S. Patent Nos. 7,181,608, 8,090,936, and 8,880,862, relate to Realtime's development of a solution for increasing the speed at which an operating system boots on personal computers, tablets, phones, music players, and other consumer products.  Realtime also asserted these patents in this Court in a recently-concluded case against Microsoft Corporation.  The fourth patent-in-suit, U.S. Patent No. 7,415,530, relates to Realtime's development of a solution for increasing the speed at which information can be stored and retrieved on personal computers and other consumer products.  Realtime has asserted this patent in this Court in nine other cases, including one case tried to a jury in 2013.  Realtime has places of business at 5851 Legacy Circle, Plano, Texas 75024, 1828 E.S.E. Loop 323, Tyler, Texas 75701, and 116 Croton Lake Road, Katonah, New York 10536,

and is organized under the laws of the State of New York.  Realtime has been registered to do business in Texas since May 2011.

2.      On information and belief, Defendant Apple is a California corporation, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.  On information and belief, Defendant Apple maintains a facility in Austin, Texas where it employs over 5,000 employees and manufactures high-end Mac Pro computers and servers, among other products.

## JURISDICTION AND VENUE

3.      This is a complaint for patent infringement that arises under the laws of the United States, Title 35 of the United States Code.

4.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over Apple in this action because Apple has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice.  Apple, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products that infringe the asserted patents.  Apple is registered to do business in the State of Texas and has appointed CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 as its agent for service of process.

6.      Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)-(c) and 1400 because Apple has committed acts of direct and indirect infringement in the Eastern District of Texas and has transacted business in the Eastern District of Texas.

7.      Three of the patents-in-suit, U.S. Patent Nos. 7,181,608, 8,090,936, and 8,880,862 were the subject of a prior litigation recently handled by this District, thus making this action a "related" case under this District's Local Patent Rule 2-6.  *See Realtime Data, LLC d/b/a IXO v. Microsoft Corp., et al.*, Case No. 4:14-cv-827-RC (E.D. Tex.).  That case resulted in a license with Microsoft Corporation prior to the Initial Rule 16 Management Conference.

8.      The other patent-in-suit, U.S. Patent No. 7,415,530 was the subject of prior litigations recently handled by this District, thus making this action a "related" case under this District's Local Patent Rule 2-6.  *See Realtime Data, LLC d/b/a IXO v. MetroPCS Texas, LLC, et al.*, Case No. 6:10-cv-493-RC-JDL (E.D. Tex.); *Realtime Data, LLC d/b/a IXO v. Actian Corp., et al.*, Case No. 6:15-cv-463-RWS-JDL (E.D. Tex.); *Realtime Data, LLC d/b/a IXO v. BMC Software, Inc.*, Case No. 6:15-cv-464-RWS-JDL (E.D. Tex.); *Realtime Data, LLC d/b/a IXO v. DropBox, Inc.*, Case No. 6:15-cv-465-RWS-JDL (E.D. Tex.); *Realtime Data, LLC d/b/a IXO v. Echostar Corp., et al.*, Case No. 6:15-cv-466-RWS-JDL (E.D. Tex.); *Realtime Data, LLC d/b/a IXO v. Oracle Am., Inc., et al.*, Case No. 6:15-cv-467-RWS-JDL (E.D. Tex.); *Realtime Data, LLC d/b/a IXO v. Riverbed Tech., Inc., et al.*, Case No. 6:15-cv-468-RWS-JDL (E.D. Tex.); *Realtime Data, LLC d/b/a IXO v. SAP Am., Inc., et al.*, Case No. 6:15-cv-469-RWS-JDL (E.D. Tex.); *Realtime Data, LLC d/b/a IXO v. Teradata Corp., et al.*, Case No. 6:15-cv-470-RWS-JDL (E.D. Tex.).  Following a trial in the first case, *Realtime Data d/b/a IXO v. MetroPCS Texas, LLC, et al.*, Case No. 6:10-cv-493-RC-JDL (E.D. Tex.), the Court entered final judgment on March 28, 2013 in favor of the one remaining defendant, T-Mobile USA, Inc.  The remaining cases are currently pending.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 7,181,608**

9.       Realtime re-alleges and incorporates by reference paragraphs 1-8 above.

10.      On February 20, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,181,608 (the "'608 Patent"), entitled "Systems and Methods for Accelerated Loading of Operating Systems and Application Programs."   Realtime is the owner of the '608 Patent, a true and correct copy of which is attached as Exhibit A to this Complaint.

11.      The '608 Patent relates to systems and methods for providing accelerated loading of operating systems and application programs upon system boot or application launch.   To overcome the problem of slow boot times of operating systems, the '608 Patent discloses and claims inventive methods and apparatuses directed to, *inter alia*, maintaining a list of boot data, preloading compressed boot data from the list into a cache memory, and decompressing the data prior to the time when the computer's central processing unit begins to load the boot data.

12.      Apple has infringed and continues to infringe one or more claims of the '608 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing Apple products, including those utilizing Apple's iOS and OS X operating systems, including, but not limited to, the iPhone, the iPad, the iPod Touch, the MacBook, the iMac, the Mac Pro, the Apple Watch, and Apple TV, and any such reasonably similar products (the "'608 Accused Devices").

13.      Apple directly infringes because, for example, the '608 Accused Devices include a system or apparatus that maintains a list of boot data used for booting a computer system.  The '608 Accused Devices include a system or apparatus that initializes a central processing unit of the computer system.  The '608 Accused Devices include a system or apparatus that preloads the

4

boot data into a cache memory prior to completion of initialization of the central processing unit, wherein preloading the boot data comprises accessing compressed boot data from a boot device. The '608 Accused Devices include a system or apparatus that services requests for boot data from the computer system using the preloaded boot data after completion of initialization of the central processing unit of the computer system, wherein servicing requests comprise accessing compressed boot data from the cache and decompressing the compressed boot data at a rate that increases the effective access rate of the cache.  Further, and alternatively, the boot data for the '608 Accused Devices comprises program code associated with one of an operating system of the computer system, an application program, and a combination thereof.

14.     Apple also indirectly infringes the '608 Patent by inducing infringement by others, such as manufacturers, resellers, and/or end-users of the '608 Accused Devices, of one or more claims of the '608 Patent in violation of 35 U.S.C. § 271.  On information and belief, Apple knew of the '608 Patent and knew of its infringement by at least the filing of this Complaint.

15.     Apple's affirmative acts in this District of selling the '608 Accused Devices and causing the '608 Accused Devices to be manufactured and distributed, and providing instruction manuals for and advertising the '608 Accused Devices have induced and continue to induce Apple's manufacturers, resellers, and/or end-users to manufacture, use, sell, offer for sale, and/or import the '608 Accused Devices in their normal and customary way to infringe the '608 Patent. Apple specifically intended and was aware that these normal and customary activities would infringe the '608 Patent.  Apple performed and continues to perform the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '608

Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.

16.     Apple also indirectly infringes the '608 Patent by manufacturing, using, selling, offering for sale, and/or importing the '608 Accused Devices to resellers and/or end-users with knowledge that the boot component(s) of the '608 Accused Devices was and is especially manufactured and/or especially adapted for use in an infringement of the '608 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.  On information and belief, Apple knew of the '608 Patent and knew of its infringement by at least the filing of this Complaint.

17.     The '608 Patent describes the invention of an apparatus, method and/or system that uses a list of boot data, compressed boot data, preloading of compressed boot data, and servicing of requests for boot data from a computer system using preloaded boot data.  Each of the '608 Accused Devices contains software and hardware that performs these functions in the manner claimed in the '608 Patent.  On information and belief, this software and hardware is designed to function in unison to achieve rapid loading of an operating system.  Further, on information and belief, devices manufactured by Apple are not designed to operate in isolation; they are designed to operate in a manner controlled by Apple's operating system software. Accordingly, without this software, the devices would either not function or function in an unintended manner.  From this, the most compelling inference that arises is that Apple's operating systems have no substantial non-infringing uses, and that any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  Apple's manufacture, use, sale, offering for sale, and/or importation of the '608 Accused Devices to resellers and/or end-users constitutes contributory infringement of the '608 Patent.

18.     Realtime has been, and continues to be, damaged by Apple's infringement of the '608 Patent.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,090,936

19.     Realtime re-alleges and incorporates by reference paragraphs 1-8 above.

20.     On January 3, 2012, the USPTO duly and legally issued U.S. Patent No. 8,090,936 (the "'936 Patent"), entitled "Systems and Methods for Accelerated Loading of Operating Systems and Application Programs."  This patent is a continuation of the '608 Patent. Realtime is the owner of the '936 Patent, a true and correct copy of which is attached as Exhibit B to this Complaint.

21.     The '936 Patent relates to systems and methods for providing accelerated loading of operating system and application programs upon system boot or application launch.  To overcome the problem of slow boot times of operating systems, the '936 Patent discloses and claims inventive systems and methods directed to, *inter alia*, maintaining a list of boot data, preloading compressed boot data from the list into a cache memory, and decompressing the data prior to the time when the computer's central processing unit begins to load the boot data.

22.     Apple has infringed and continues to infringe one or more claims of the '936 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing Apple products, including those utilizing Apple's iOS and OS X operating systems, including, but not limited to, the iPhone, the iPad, the iPod Touch, the MacBook, the iMac, the Mac Pro, the Apple Watch, and Apple TV, and any such reasonably similar products (the "'936 Accused Devices").

23.     Apple directly infringes because, for example, the '936 Accused Devices include a system or apparatus that maintains a list of boot data used for booting a computer

system, wherein at least a portion of said boot data is compressed by a data compression engine to provide said at least a portion of said boot data in compressed form, and stored in compressed form on a boot device. The '936 Accused Devices include a system or apparatus that initializes a central processing unit of the computer system. The '936 Accused Devices include a system or apparatus that preloads said at least a portion of said boot data in compressed form from said boot device to a memory. The '936 Accused Devices include a system or apparatus that accesses and decompresses said at least a portion of said boot data in said compressed form from said memory. The '936 Accused Devices include a system or apparatus that utilizes said decompressed at least a portion of said boot data to boot said computer system, wherein said at least a portion of said boot data is decompressed by said data compression engine. Further, and alternatively, the decompressed at least a portion of the boot data for the '936 Accused Devices comprises program code associated with an application program and an operating system of said computer system.

24.     Apple also indirectly infringes the '936 Patent by inducing infringement by others, such as manufacturers, resellers, and/or end-users of the '936 Accused Devices, of one or more claims of the '936 Patent in violation of 35 U.S.C. § 271. On information and belief, Apple knew of the '936 Patent and knew of its infringement by at least the filing of this Complaint.

25.     Apple's affirmative acts of selling the '936 Accused Devices and causing the '936 Accused Devices to be manufactured and distributed, and providing instruction manuals for and advertising the '936 Accused Devices have induced and continue to induce Apple's manufacturers, resellers, and/or end-users to manufacture, use, sell, offer for sale, and/or import the '936 Accused Devices in their normal and customary way to infringe the '936 Patent. Apple

specifically intended and was aware that these normal and customary activities would infringe the '936 Patent.  Apple performed and continues to perform the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '936 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.

26.     Apple also indirectly infringes the '936 Patent by manufacturing, using, selling, offering for sale, and/or importing the '936 Accused Devices to resellers and/or end-users with knowledge that the boot component(s) of the '936 Accused Devices was and is especially manufactured and/or especially adapted for use in an infringement of the '936 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, Apple knew of the '936 Patent and knew of its infringement by at least the filing of this Complaint.

27.     The '936 Patent describes the invention of an apparatus, method and/or system that uses a list of boot data, initialization of a central processing unit, compressed boot data, preloading of compressed boot data, accessing and decompressing at least a portion of said boot data, and servicing of requests for boot data from a computer system using preloaded boot data. Each of the '936 Accused Devices contains software and hardware that performs these functions in the manner claimed in the '936 Patent.  On information and belief, this software and hardware is designed to function in unison to achieve rapid loading of an operating system.  Further, on information and belief, devices manufactured by Apple are not designed to operate in isolation; they are designed to operate in a manner controlled by Apple's operating system software. Accordingly, without this software, the devices would either not function or function in an unintended manner.  From this, the most compelling inference that arises is that Apple's

operating systems have no substantial non-infringing uses, and that any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. Apple's manufacture, use, sale, offering for sale, and/or importation of the '936 Accused Devices to resellers and/or end-users constitutes contributory infringement of the '936 Patent.

28.     Realtime has been damaged, and continues to be damaged, by Apple's infringement of the '936 Patent.

## COUNT THREE
## INFRINGEMENT OF U.S. PATENT NO. 8,880,862

29.     Realtime re-alleges and incorporates by reference paragraphs 1-8 above.

30.     On November 4, 2014, the USPTO duly and legally issued U.S. Patent No. 8,880,862 (the "'862 Patent"), entitled "Systems and Methods for Accelerated Loading of Operating Systems and Application Programs." This patent is also a continuation of the '608 Patent. Realtime is the owner of the '862 Patent, a true and correct copy of which is attached as Exhibit C to this Complaint.

31.     The '862 Patent relates to systems and methods for providing accelerated loading of operating system and application programs upon system boot or application launch. To overcome the problem of slow boot times of operating systems, the '862 Patent discloses and claims inventive methods directed to, *inter alia*, loading a portion of boot data in a compressed form into a memory, and decompressing the boot data at a rate that decreases the boot time of the operating system.

32.     Apple has infringed and continues to infringe one or more claims of the '862 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing Apple's operating systems, and devices running Apple's iOS and OS X operating systems, including but not limited to, the iPhone, the iPad, the iPod Touch, the MacBook, the

iMac, the Mac Pro, the Apple Watch, and Apple TV, and any such reasonably similar products (the "'862 Accused Devices").

33.     Apple directly infringes because, for example, the '862 Accused Devices include a system or apparatus that loads a portion of boot data in a compressed form that is associated with a portion of a boot data list for booting the computer system into a memory.  The '862 Accused Devices include a system or apparatus that accesses the loaded portion of the boot data in the compressed form from the memory.  The '862 Accused Devices include a system or apparatus that decompresses the accessed portion of the boot data in the compressed form at a rate that decreases a boot time of the operating system relative to loading the operating system utilizing boot data in an uncompressed form.  The '862 Accused Devices include a system or apparatus that updates the boot data list, wherein the decompressed portion of boot data comprises a portion of the operating system.  Further, and alternatively, the boot data for the '862 Accused Devices comprises a program code associated with the operating system and an application program.

34.     Apple also indirectly infringes the '862 Patent by inducing infringement by others, such as manufacturers, resellers, and/or end-users of the '862 Accused Devices, of one or more claims of the '862 Patent in violation of 35 U.S.C. § 271.  On information and belief, Apple knew of the '862 Patent and knew of its infringement by at least the filing of this Complaint.

35.     Apple's affirmative acts of selling the '862 Accused Devices and causing the '862 Accused Devices to be manufactured and distributed, and providing instruction manuals for and advertising the '862 Accused Devices have induced and continue to induce Apple's manufacturers, resellers, and/or end-users to manufacture, use, sell, offer for sale, and/or import

the '862 Accused Devices in their normal and customary way to infringe the '862 Patent. Apple has specifically intended and was aware that these normal and customary activities would infringe the '862 Patent. Apple performed and continues to perform the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '862 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.

36.     Apple further indirectly infringes the '862 Patent by manufacturing, using, selling, offering for sale, and/or importing the '862 Accused Devices to resellers and/or end-users with knowledge that the boot component(s) of the '862 Accused Devices was and is especially manufactured and/or especially adapted for use in an infringement of the '862 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, Apple knew of the '862 Patent and knew of its infringement by at least the filing of this Complaint.

37.     The '862 Patent describes the invention of an apparatus, method and/or system that loads a portion of boot data, accesses the loaded boot data in a compressed form, decompresses the boot data at a rate that decreases a boot time of the operating system, and updates the boot data list. Each of the '862 Accused Devices contains software and hardware that performs these functions in the manner claimed in the '862 Patent. On information and belief, this software and hardware is designed to function in unison to achieve rapid loading of an operating system. Further, on information and belief, devices manufactured by Apple are not designed to operate in isolation; they are designed to operate in a manner controlled by Apple's operating system software. Accordingly, without this software, the devices would either not function or function in an unintended manner. From this, the most compelling inference that

arises is that Apple's operating systems have no substantial non-infringing uses, and that any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  Apple's manufacture, use, sale, offering for sale, and/or importation of the '862 Accused Devices to resellers and/or end-users constitutes contributory infringement of the '862 Patent.

38.    Realtime has been damaged and continues to be damaged by Apple's infringement of the '862 Patent.

## COUNT FOUR
## INFRINGEMENT OF U.S. PATENT NO. 7,415,530

39.    Realtime re-alleges and incorporates by reference paragraphs 1-8 above.

40.    On August 19, 2008, the USPTO duly and legally issued U.S. Patent No. 7,415,530 (the "'530 Patent"), entitled "System and Methods for Accelerated Data Storage and Retrieval."  Realtime is the owner of the '530 Patent, a true and correct copy of which is attached as Exhibit D to this Complaint.

41.    The '530 Patent relates to systems and methods for accelerated data storage and retrieval in a computer or other consumer product.  To overcome the problem of slow data storage and retrieval, the '530 patent discloses and claims inventive methods directed to, *inter alia*, compressing data using two different compression techniques and storing the compressed data so as to increase the speed of data storage.

42.    Apple has infringed and continues to infringe one or more claims of the '530 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing Apple's iOS and OS X operating systems, devices running Apple's iOS and OS X operating systems, and other products including data compression technologies, including but not limited to, the iPhone, the iPad, the iPod Touch, the MacBook, the iMac, the Mac Pro, the

Apple Watch, and Apple TV, and any such reasonably similar products (the "'530 Accused Devices").

43.     Apple directly infringes because, for example, the '530 Accused Devices include a system or apparatus that receives a data stream including a first and second data block.  The '530 Accused Devices include a system or apparatus that compresses the data stream by compressing the first data block with a first compression technique and the second data block with a second technique, where the first and second compression techniques are different.  The '530 Accused Devices include a system or apparatus that stores the compressed data on a memory device, where the compression and storage occurs faster than the data stream is able to be stored on the memory device in received form.  The '530 Accused Devices include a system or apparatus that stores a first descriptor on the memory device indicative of the first compression technique, and the first descriptor is used to decompress the portion of the compressed data stream associated with the first data block.

44.     Apple also indirectly infringes the '530 Patent by inducing infringement by others, such as manufacturers, resellers, and/or end-users of the '530 Accused Devices, of one or more claims of the '530 Patent in violation of 35 U.S.C. § 271.  On information and belief, Apple knew of the '530 Patent and knew of its infringement by at least the filing of this Complaint.

45.     Apple's affirmative acts of selling the '530 Accused Devices and causing the '530 Accused Devices to be manufactured and distributed, and providing instruction manuals for and advertising the '530 Accused Devices have induced and continue to induce Apple's manufacturers, resellers, and/or end-users to manufacture, use, sell, offer for sale, and/or import the '530 Accused Devices in their normal and customary way to infringe the '530 Patent.  Apple

has specifically intended and was aware that these normal and customary activities would infringe the '530 Patent. Apple performed and continues to perform the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '530 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.

46.     Apple further indirectly infringes the '530 Patent by manufacturing, using, selling, offering for sale, and/or importing the '530 Accused Devices to resellers and/or end-users with knowledge that the data storage and retrieval component(s) of the '530 Accused Devices was and is especially manufactured and/or especially adapted for use in an infringement of the '530 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, Apple knew of the '530 Patent and knew of its infringement by at least the filing of this Complaint.

47.     The '530 Patent describes the invention of a system and/or apparatus that compresses a data stream using two different data compression techniques, and stores the data in compressed form so as to speed up the data storage rate. Each of the '530 Accused Devices contains software and hardware that performs these functions in the manner claimed in the '530 Patent. On information and belief, this software and hardware is designed to function in unison to achieve rapid storage and retrieval of data. Further, on information and belief, devices manufactured by Apple are not designed to operate in isolation; they are designed to operate in a manner controlled by Apple's operating system software. Accordingly, without this software, the devices would either not function or function in an unintended manner. From this, the most compelling inference that arises is that Apple's operating systems have no substantial non-infringing uses, and that any other uses would be unusual, far-fetched, illusory, impractical,

occasional, aberrant, or experimental.  Apple's manufacture, use, sale, offering for sale, and/or importation of the '530 Accused Devices to resellers and/or end-users constitutes contributory infringement of the '530 Patent.

48.    Realtime has been damaged and continues to be damaged by Apple's infringement of the '530 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Realtime demands judgment against Apple, including its affiliates, officers, agents, servants, employees, and all persons in active concert or participation with them, as follows:

A.    An award to Plaintiff Realtime of such damages under 35 U.S.C. § 284 as proven against Apple for infringement of the '608 Patent, '936 Patent, '862 Patent, and '530 Patent together with pre-judgment and post-judgment interest;

B.    A permanent injunction prohibiting Apple from further acts of infringement of the '608 Patent, '936 Patent, '862 Patent, and '530 Patent;

C.    An award to Plaintiff Realtime of the costs of this action and its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

D.    Such other and further relief as this Court may deem just and appropriate.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Realtime demands a trial by jury.

Date: October 5, 2015

Respectfully submitted,

/s/ Alan M. Fisch
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice pending*)
*bill.sigler@fischllp.com*
Jeffrey M. Saltman *(pro hac vice pending)*
*jeffrey.saltman@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
(202) 362-3500

David M. Saunders (*pro hac vice pending*)
*david.saunders@fischllp.com*
FISCH SIGLER LLP
96 North Third Street
Suite 260
San Jose, CA 95112
(650) 362-8200

*Attorneys for Plaintiff Realtime Data, LLC*
*d/b/a IXO*