David M. Saunders (SBN. 260742)
David.Saunders@fischllp.com
FISCH SIGLER LLP
96 North Third Street, Suite 260
San Jose, CA 95112
Telephone: (650) 362-8200

OF COUNSEL:
Alan M. Fisch
Alan.Fisch@fischllp.com
R. William Sigler
Bill.Sigler@fischllp,com
Jeffrey M. Saltman
Jeffrey.Saltman@fsichllp.com
FISCH SIGLER LLP
5301 Wisconsin Avenue NW, Fourth Floor
Washington, DC 20015
Telephone: (202) 362-3500
Fascimile: (202) 362-3501

Attorneys for Plaintiff
REALTIME DATA, LLC D/B/A IXO

Katherine Vidal (SBN 194971 / vidal@fr.com)
Betty H Chen (SBN 290588 / bchen@fr.com)
Matthew R. McCullough (SBN 301330 / mccullough@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Fascimile: (650) 839-5071

OF COUNSEL:
Thomas M. Melsheimer (melsheimer@fr.com)
Michael A. Bittner (bittner@fr.com)
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Fascimile: (214) 747-2091

John Brinkmann (brinkmann@fr.com)
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: (713) 654-5300
Fascimile: (713) 652-0109

Attorneys for Defendant
APPLE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REALTIME DATA, LLC D/B/A/ IXO<br><br>Plaintiff,<br><br>vs.<br><br>APPLE, INC.,<br><br>Defendant. | Case No. 16-cv-02595-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>**JURY TRIAL DEMANDED**<br><br>Date:  September 8, 2016<br>Time:  1:30 P.M.<br>Place: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

Plaintiff Realtime Data, LLC d/b/a IXO ("Realtime" or "Plaintiff") and Defendant Apple Inc. ("Apple" or "Defendant") (collectively, the "parties") held their Federal Rule of Civil Procedure 26(f) attorney conference prior to August 17, 2016 and submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9, the Standing Order For All Judges of

Case No. 16-cv-02595-JD
JOINT CASE MANAGEMENT STATEMENT – PAGE 1

the Northern District of California – Contents of Joint Case Management Statement, the Standing Order For Civil Cases Before Judge James Donato, Federal Rule of Civil Procedure 26(f), the Court's June 2, 2016 Reassignment Order Setting Case Management Conference, and the Court's July 18, 2016 and August 4, 2016 Orders re-setting the Case Management Conference.

**1.      JURISDICTION AND SERVICE**

Realtime's claims arise under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Apple's counterclaims arise under the Federal Declaratory Judgment Act and the patent laws of the United States, and thus this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1338(a), 2201(a), and 2202, and by reason of the original Complaint filed by the Plaintiff.

No disputes exist at this time regarding personal jurisdiction or venue.  As of the date of this Statement, and to the best of both parties' knowledge, all parties have been served.

**2.      FACTS**

On October 5, 2015, Realtime filed a complaint against Apple in the Eastern District of Texas asserting infringement of four patents: U.S. Patent Nos. 7,181,608 (the "'608 patent"), 8,090,936 (the "'936 patent"), 8,880,862 (the "'862 patent"), and 7,415,530 (the "'530 patent"). The parties jointly stipulated to voluntarily dismiss, without prejudice, the count for infringement of the '530 patent. (Dkt. No. 42).  The remaining '608, '936, and '862 patents are referred to herein as the "patents-in-suit."

Realtime states that the patents-in-suit relate to Realtime's development of a solution for increasing the speed at which an operating system boots on personal computers, tablets, phones, music players and other consumer products. Realtime alleges that Apple, directly and/or indirectly, has committed and continues to commit acts of infringement by manufacturing, using, selling, offering to sell and/or importing Apple products that infringe one or more claims of each of the

patents-in-suit. Realtime seeks judgment against Apple, an award of monetary damages for infringement of the patents-in-suit, a permanent injunction prohibiting Apple from further acts of infringement of the patents-in-suit, an award to Realtime of reasonable attorneys' fees, costs and interest, and any other relief that the Court may deem just and proper.

On December 17, 2015, Apple timely filed its Answer and Counterclaims. Apple denies Realtime's claims of infringement, and asserts defenses including non-infringement, invalidity, estoppel, and various limitations on damages. Apple further seeks a declaration that Apple does not infringe any valid or enforceable claims of the patents-in-suit and that the claims of the patents-in-suit are invalid and/or unenforceable. Apple contends that this case is exceptional under 35 U.S.C. § 285 and seeks attorney's fees and costs.

On February 9, 2016, Apple moved to transfer this case from the Eastern District of Texas to the Northern District of California. (Dkt. No. 26). On the same day, the case was stayed by agreement of the parties pending Realtime's objections to transfer orders in the co-pending case *Realtime Data, LLC v. Actian Corp. et al.* Case No. 6:15-cv-463-RWS-JDL (E.D. Tex.). (Dkt. No. 27). Following the resolution of Realtime's objections to the transfer orders in the co-pending case, Realtime agreed not to oppose Apple's motion to lift the stay and transfer this case to the Northern District of California. (Dkt. No. 30). This case was transferred to this District on May 11, 2016.

The principal factual issues in dispute concern:

- whether Apple directly or indirectly infringes Realtime's patents-in-suit;
- whether the asserted claims of the patents-in-suit are invalid;
- whether Realtime is entitled to damages or any other relief for any alleged infringement by Apple; and
- whether Realtime or any licensees of the patents-in-suit failed to mark products.

These factual issues are not intended to be final or exhaustive, and should not be construed as an admission or adoption by any party of any factual contention alleged by the other

Case No. 16-cv-02595-JD
**JOINT CASE MANAGEMENT STATEMENT – PAGE 3**

party. The parties reserve the right to revise or include any other appropriate issues as they develop or become known to the parties through the course of discovery and investigation.

## 3. LEGAL ISSUES

Realtime asserts claims against Apple for patent infringement (both direct and indirect) of the patents-in-suit under Title 35 of the United States Code. The disputed points of law include:

- the proper construction of any disputed claim terms;
- whether Apple directly or indirectly infringes any of the asserted claims of any of the patents-in-suit;
- whether the patents-in-suit are invalid or unenforceable;
- if liability is found as to Apple, the amount of damages, if any, to which Realtime is entitled from Apple;
- if liability is found as to Apple, whether Realtime is entitled to a permanent injunction prohibiting Apple from further acts of infringement of the patents-in-suit;
- if liability is found as to Apple, whether Realtime is entitled to its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;
- whether Apple is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

These legal issues are not intended to be final or exhaustive, and the parties reserve the right to revise or include any other appropriate issues as they develop or become known to the parties through the course of discovery and investigation.

## 4. MOTIONS

There are no pending motions as of the date of this Statement. The parties anticipate filing a joint motion to enter a Stipulated Protective Order and to enter an Order governing electronically-stored information ("ESI"). The parties may file dispositive motions and/or motions to exclude expert testimony. Apple may file motions to stay pending *inter partes* review ("IPR") or other

related proceedings.

## 5. AMENDMENT OF PLEADINGS

The parties do not intend to file any amendments to the pleadings at the present time. However, discovery has not yet begun, and parties, claims and/or defenses may be added as necessary if warranted by the circumstances of the case. The parties agree that, should an amendment of pleadings be necessary, such amendment may be made only if the case schedule as entered by the Court is not thereby delayed.

## 6. EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

As a general matter, the parties have undertaken steps, within reasonable bounds, to preserve documents and ESI potentially relevant to this case. The parties have discussed and will continue to discuss the scope and nature of discovery in this case.

## 7. DISCLOSURES

The parties agree to exchange their initial disclosures by September 21, 2016.

## 8. DISCOVERY

No discovery has been taken to date. Pursuant to Rule 26(f)(3), the parties set forth the following discovery plan:

(a) As set forth in Section 7 *supra*, the parties shall exchange their initial disclosures by September 21, 2016.

(b) Requirements relating to the identification of experts are set forth below in the proposed schedule (*see* Section 17 *infra*).

(c) Realtime expects that discovery will be needed on the following subjects:

• identification, design, structure, testing, operation, manufacture, benefits,

Case No. 16-cv-02595-JD
JOINT CASE MANAGEMENT STATEMENT – PAGE 5

use, marketing and sale of the accused Apple products, and other products reasonably similar to the accused products, as it relates to the technology disclosed in the patents-in-suit;

- Apple's knowledge of and communications related to the patents-in-suit, the technology disclosed in the patents-in-suit, and/or Realtime;
- support for Apple's assertion that it does not infringe the patents-in-suit;
- identification of alleged prior art and support for Apple's assertion that the patents-in-suit are invalid or unenforceable;
- support for Apple's affirmative defenses;
- efforts by Apple to design around the patents-in-suit;
- any non-infringing alternatives to the technology disclosed in the patents-in-suit;
- sales, profits, costs, and other financial and market information regarding the accused Apple products, and other products reasonably similar to the accused products;
- licenses entered into by Apple regarding the technology disclosed in the patents-in-suit;
- the business and organization of Apple, including the identification of persons having knowledge related to the claims and defenses in this action;
- information related to the claims and defenses in this action.

Apple expects that discovery will be needed on the following subjects:

- the development of the technology claimed in the patents-in-suit, including the conception, reduction to practice, and any alleged diligence in reduction to practice of the inventions claimed in the patents-in-suit;
- the prosecution of the patents-in-suit;

Case No. 16-cv-02595-JD
JOINT CASE MANAGEMENT STATEMENT – PAGE 6

- the state of the art at the time of the alleged invention;
- the invalidity of the patents-in-suit, including prior art to the patents-in-suit;
- title to and ownership of the patents-in-suit, including the price Realtime paid for the patents-in-suit and all documents and witnesses related to that transaction;
- Realtime's basis for its claims of infringement;
- factors determining what reasonable royalty, if any, is owed to Realtime in the event that Apple is found liable;
- Realtime's history, or lack thereof, in licensing the patent-in-suit and the terms of any relevant licenses; and
- Realtime's prayer for relief and alleged entitlement thereto.

(d) The parties are currently conferring on the terms of an agreed upon e-discovery order governing the protocol for producing electronically stored information ("ESI") and plan to file said order with the Court.

(e) The parties are not aware of any special issues relating to claims of privilege or the protection of trial-related materials. The parties will agree on an appropriate clawback provision to be set forth in a proposed stipulated protective order. The parties agree to provide privilege logs in accordance with the Standing Order for Discovery in Civil Cases Before Judge Donato and Fed. R. Civ. P. 26(b)(5). The parties further agree that attorney-client privileged documents and work-product documents (including electronically stored information) created after October 5, 2015 need not be logged.

(f) Each party will be limited to seventy-five (75) hours of deposition time for non-expert witnesses (including 30(b)(6) witnesses and non-party witnesses). Each non-expert deposition shall count as a minimum of five (5) hours against this total. This five (5) hour

Case No. 16-cv-02595-JD
JOINT CASE MANAGEMENT STATEMENT – PAGE 7

minimum shall not apply to 30(b)(6) depositions and shall not impede any party's ability to depose all individuals within the opposition's Initial Disclosures.

(g) No deposition of any single fact witness shall exceed seven (7) hours on the record, absent agreement by the parties or an order of the Court.

(h) The parties agree that depositions of experts are limited to seven (7) hours of deposition time for each subject matter opinion submitted by the expert, such as infringement, invalidity, unenforceability, and damages. Thus, if an expert submits a combined non-infringement and invalidity report, that expert may be deposed for up to seven (7) hours with respect to non-infringement and for an additional seven (7) hours with respect to invalidity. Similarly, if an expert submits a non-infringement report comprised of three sections discussing non-infringement for each of the respective three patents-in-suit, such report on non-infringement constitutes one "subject matter opinion" for purposes of deposition time. However, an expert who submits an opening and rebuttal report on a single issue (i.e., non-infringement) may be deposed only for up to seven (7) hours with respect to non-infringement, regardless of the fact that the expert has submitted two separate reports.

(i) A party may seek Rule 30(b)(6) depositions from another party on up to a total of twenty-five (25) subject matters described with reasonable particularity.

(j) The parties reserve the right to request that the Court consider modifications to any subsequent discovery or scheduling orders that contain limits on deposition time based on the issues and complexity of the case.

(k) Each party will have no more than four (4) testifying expert witnesses. The parties reserve the right to seek leave from the Court to modify this limitation based on the issues and complexity of the case.

(l) The parties agree to serve documents by email in lieu of personal service or service by U.S. mail pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Case No. 16-cv-02595-JD
**JOINT CASE MANAGEMENT STATEMENT – PAGE 8**

(m) The parties agree that each may serve on any other party up to thirty (30) written interrogatories, twenty (20) requests for admissions except for requests directed to the authenticity, publication date or public use, or availability to the public (e.g., in a library) of information and things asserted to be prior art, and fifty (50) requests for production.

(n) The parties agree on the need for a protective order and are meeting and conferring regarding appropriate terms. The parties plan to file a proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c).

(o) The parties agree that they will engage in discovery in accordance with the Federal Rules of Civil Procedure, Local Civil Rules, the Standing Order for Discovery in Civil Cases Before Judge Donato, and the Stipulated Protective Order and Stipulated ESI Order the Parties anticipate filing with the Court.

**9. CLASS ACTIONS**

This is not a class action and no class will be certified.

**10. RELATED CASES**

The parties do not believe that they are any related cases pending before a court. Apple has filed two related petitions for IPR in the United States Patent and Trademark Office before the Patent Trial and Appeal Board ("PTAB") as set forth below:

| Asserted Patent No. | IPR No. | Date Filed |
| --- | --- | --- |
| 7,181,608 | IPR2016-01365 | July 8, 2016 |
| 8,090,936 | IPR2016-01366 | July 8, 2016 |

**11. RELIEF**

**Realtime statement:**

Realtime seeks judgment against Apple as follows:

a) An award to Realtime of such damages as proven against Apple for infringement of the patents-in-suit, together with pre-judgment and post-judgment interest. As discovery has not yet commenced, the amount of damages and description of the bases on which damages are

Case No. 16-cv-02595-JD
JOINT CASE MANAGEMENT STATEMENT – PAGE 9

calculated is not yet known.

    b)   A permanent injunction prohibiting Apple from further acts of infringement of the patents-in-suit.

    c)   An award to Realtime of the costs of this action and its reasonable attorneys' fees;

    d)   Such other and further relief as the Court may deem just and appropriate.

**Apple statement:**

Apple contends that Realtime is not entitled to any relief.

Apple seeks as relief a declaration that each and every asserted claim of the patents-in-suit is invalid under 35 U.S.C. §§ 101 et seq. Apple further seeks as relief a declaration that each and every asserted claim of the patents-in-suit is not infringed by any Apple product at issue. Apple further seeks as relief the dismissal of Realtime's case with prejudice, together with an order declaring this case exceptional under 35 U.S.C. § 285, an award of its reasonable attorney's fees, and an award of its costs as permitted by law. Apple may seek further relief to which Apple is entitled or that the Court deems just and proper.

**12.   SETTLEMENT AND ADR**

The parties have not yet engaged in formal ADR and believe that this case is amenable to resolution through private ADR. The parties are in the process of negotiating an agreed mediator for this case and will inform the Court of any resolution on a proposed mediator in a timely fashion.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties did not agree to assignment of this case to a United States Magistrate Judge.

**14.   OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

**Joint statement:**

The parties do not anticipate any requests to bifurcate issues, claims, or defenses. The

parties agree to confer in good faith after the discovery period as to summaries or stipulated facts that may expedite the presentation of evidence at trial.

**Realtime statement:**

The parties entered a Joint Stipulation to dismiss, without prejudice, Count Four of Realtime's Complaint for infringement of U.S. Patent No. 7,415,530. *See* Dkt. No. 42.

**Apple statement:**

Apple anticipates that the pending IPR petitions may narrow the issues pending before this court because the challenged patents may be invalidated by the PTAB.

**16.   EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this type of case is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.   SCHEDULING**

The parties propose the following dates and deadlines:

| Event | Proposal |
|---|---|
| Rule 16 Case Management Conference | September 8, 2016 |
| Proposed ESI Order and Proposed Protective Order | September 8, 2016 |
| Initial Disclosures | September 21, 2016 |
| Infringement Contentions (LPR 3-1 and 3-2) | September 21, 2016<br>*14 days after CMC* |
| Invalidity Contentions (LPR 3-3 and 3-4) | October 24, 2016<br>*45 days after LPR 3-1 and 3-2* |
| Exchange Proposed Claim Terms (LPR 4-1(a)) | November 7, 2016<br>*14 days after LPR 3-3 and 3-4* |
| Exchange Preliminary Claim Constructions (LPR 4-2 (a)-(b)) | November 28, 2016<br>*21 days after LPR 4-1* |
| Joint Claim Construction Statement Due (LPR 4-3) | December 23, 2016<br>*60 days after LPR 3-3 and 3-4* |

| Event | Proposal |
|---|---|
| Deadline to Complete Claim Construction Discovery (LPR 4-4) | January 23, 2017<br>*30 days after LPR 4-3* |
| Opening Claim Construction Brief Due (LPR 4-5(a)) | February 6, 2017<br>*45 days after LPR 4-3* |
| Responsive Claim Construction Brief Due (LPR 4-5(b)) | February 20, 2017<br>*14 days after Opening Brief* |
| Reply Claim Construction Brief Due (LPR 4-5(c)) | February 27, 2017<br>*7 days after Responsive Brief* |
| Claim Construction Tutorial | To be scheduled by the Court pursuant to the Standing Order for Patent Cases Before Judge James Donato |
| Claim Construction Hearing | To be scheduled by the Court pursuant to the Standing Order for Patent Cases Before Judge James Donato |
| Deadline to Amend Pleadings | 30 days after *Markman* Order |
| Advice of Counsel (LPR 3-7) | 50 days after *Markman* Order |
| Deadline to Complete Fact Discovery | 12 weeks after *Markman* Order |
| Deadline to Exchange Privilege Logs | 13 weeks after *Markman* Order |
| Deadline to File Motions to Compel Discovery | 14 weeks after *Markman* Order |
| Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof | 20 weeks after *Markman* Order |
| Serve Disclosures for Rebuttal Expert Witnesses | 24 weeks after *Markman* Order |
| Deadline to Complete Expert Discovery | 30 weeks after *Markman* Order |
| File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions) | TBD after the Court issues a claim construction ruling pursuant to paragraph 14 of the Standing Order for Patent Cases Before Judge James Donato |
| Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) | 40 weeks after *Markman* Order |

| Event | Proposal |
|---|---|
| Serve Objections to Pretrial Disclosures | 48 weeks after *Markman* Order |
| Serve Motions *in Limine* | 50 weeks after *Markman* Order |
| Serve Responses to Motions *in Limine* | Per Standing Order for Civil Jury Trials Before Judge James Donato, 4 days prior to Pre Trial Filing Due Date |
| File Joint Pretrial Order and Motions in Limine ("PreTrial Filing Due Date") | 52 weeks after *Markman* Order |
| Email Proposed Jury Instruction, Proposed Verdict Form to Court, Proposed Voir Dire Questions | Per Standing Order for Civil Jury Trials Before Judge James Donato, by noon the day after the Pre Trial Filing Due Date |
| Pretrial Conference | 54 weeks after *Markman* Order |
| Jury Selection | TBD |

18. **TRIAL**

This case will be tried to a jury.

**Realtime Proposal**:

Realtime anticipates that the trial will require approximately six (6) trial days.

**Apple Proposal**:

Apple anticipates that the trial will require approximately eight (8) trial days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have each filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 (Dkt. Nos. 24 and 45) and the "Corporate Disclosure Statement" required by Federal Rule of Civil Procedure 7.1 (Dkt. Nos. 3 and 19).

Pursuant to Civil Local Rule 3-15, Apple's certification provides that, other than the named Apple entity, there is no such interested entity or persons to report.

20. **PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Case No. 16-cv-02595-JD
JOINT CASE MANAGEMENT STATEMENT – PAGE 13

**21.**     **REQUIREMENTS OF N.D. CAL. LOCAL RULE 2-1(B)**

Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the following additional matters:

    (a)     **Proposed modification of the obligations or deadlines set forth in the Patent Local Rules.**

The parties do not propose any modifications to the obligations or deadlines set forth in the Patent Local Rules at this time

    (b)     **The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court.**

The parties' proposed schedule (Section 17) addresses the timing of claim construction discovery. At this time, the parties do not anticipate a need to limit the scope of claim construction discovery.

    (c)     **The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.**

The parties anticipate requesting at least three (3) hours for the claim construction hearing. The parties agree that each side will be allocated half of the total time permitted for the hearing. The parties agree that the presentation of argument at the hearing should be term-by-term, with Realtime proceeding first and Apple second, with rebuttal by Realtime and sur-rebuttal by Apple. The parties presently do not anticipate the need for any live expert witness testimony at the claim construction hearing.

    (d)     **How the parties intend to educate the court on the technology at issue.**

The parties propose a ninety (90) minute technology tutorial at a date and time to be set by the Court in advance of the claim construction hearing. The parties presently anticipate presenting live expert witness testimony at the technology tutorial to educate the court on the technology at

issue. In the event that the parties determine that live expert testimony is not needed given the progress of the case, the parties will notify the court in advance of the technology tutorial.

Dated: September 1, 2016

**FISCH SIGLER LLP**

By: */s/ R. William Sigler*
R. William Sigler

Attorney for Plaintiff
REALTIME DATA, LLC D/B/A IXO

**FISH & RICHARDSON P.C.**

By: */s/ Michael A. Bittner*
Michael A. Bittner

Attorney for Defendant
APPLE, INC.

**ATTESTATION:** Pursuant to Local Rule 5-1(i)(3) I hereby attest that concurrence in the filing of this document has been obtained from Michael A. Bittner.

By: */s/ R. William Sigler*
R. William Sigler

**Case No. 16-cv-02595-JD**
**JOINT CASE MANAGEMENT STATEMENT – PAGE 15**

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____    _____
                                    UNITED STATES DISTRICT JUDGE

**Case No. 16-cv-02595-JD**
**JOINT CASE MANAGEMENT STATEMENT – PAGE 16**