David M. Saunders (SBN. 260742)
David.Saunders@fischllp.com
Fisch Sigler LLP
96 North Third Street, Suite 260
San Jose, CA 95112
Telephone: 650.362.8200

OF COUNSEL:
Alan M. Fisch
Alan.Fisch@fischllp.com
R. William Sigler
Bill.Sigler@fischllp.com
Jeffrey M. Saltman
Jeffrey.Saltman@fsichllp.com
Fisch Sigler LLP
5301 Wisconsin Avenue NW, Fourth Floor
Washington, DC 20015
Telephone: 202.362.3500

Attorneys for Plaintiff
REALTIME DATA, LLC D/B/A IXO

Katherine Vidal (SBN 194971 / vidal@fr.com)
Betty H Chen (SBN 290588 / bchen@fr.com)
Matthew R. McCullough (SBN 301330 /
mccullough@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

OF COUNSEL:
Thomas M. Melsheimer (melsheimer@fr.com)
Michael A. Bittner (bittner@fr.com)
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

John Brinkmann (brinkmann@fr.com)
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

Attorneys for Defendant
APPLE, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTIME DATA, LLC D/B/A/ IXO<br><br>    Plaintiff,<br><br><br>    vs.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 16-cv-02595-JD<br><br><br>**STIPULATED [PROPOSED]**<br><br>**PROTECTIVE ORDER** |

Plaintiff Realtime Data, LLC d/b/a IXO ("Plaintiff") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, supplemental

disclosures and otherwise in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

**1.    PURPOSES AND LIMITATIONS**

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for the above-captioned case and all related appeals, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c)    Nothing in this Order shall be construed to require a Producing Party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of the Court. Production or disclosure of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information under this Order shall not prejudice the right of any Producing Party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts. Similarly, no Producing Party waives any right to object on any ground to the use in evidence of any of the Discovery Material, or portion thereof, covered by this Order.

**2.    DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery, Rule 26(a) disclosures, or otherwise in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel working in connection with this litigation.

(c)     "Patents-in-suit" means U.S. Patent Nos. 7,181,608, 8,090,936, and 8,880,862, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)      "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)      "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

**3.   COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

**4.   SCOPE**

(a)   The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, derivations or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)   Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)   Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)   Nothing in this Order shall be construed to preclude any Party's right to file any Protected Material with the Court under seal.

(e)   This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.   DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing, a court order otherwise directs, or that information otherwise becomes public.

**6.      ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)      Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)      Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person on behalf of Plaintiff who receives one or more items designated  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information by Defendant shall not be involved in (i) the prosecution of patents or patent applications relating to the functionality, operation, and design of computer and mobile operating systems (generally or as described in any patent in suit) including, without limitation, the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office, or (ii) advising clients as to which patents to acquire, but only to the extent such patents are narrowly related to the functionality, operation, and design of systems and methods for accelerated loading of desktop computer and mobile device operating systems and application programs. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising or otherwise affecting the scope or maintenance of patent claims.  For the avoidance of doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination), nor does it include representing a patentee in such proceedings so long as the representation does not involve the drafting or amendment of patent claims. For the avoidance of doubt, "advising clients as to which patents to acquire" does not include rendering advice on legal matters involving such patents, including, *e.g.*, validity, nor does it include patents not narrowly related to the subject matter of

the litigation as described above. This prohibition shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)    Secure Storage, No Export. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

(d)    Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)    Limitations.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) that was or is produced with the consent of the Producing Party; or (v) that is produced pursuant to order of the Court.

(f)    Disclosure During Depositions.  Except as otherwise approved by the Producing Party or by an order of this Court, a Party may use Protected Material in deposing: (a) an individual who has had or who is eligible to have access to the Protected Material by virtue of their employment or other relationship with the Producing Party; (b) an individual identified in the Protected Material as an author, addressee, or carbon copy recipient of such information; or (c) an

individual who, although not identified as an author, addressee or carbon copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material, provided that the foundation for such can be established prior to disclosure of the Protected Material to the individual.

## 7.   DESIGNATING PROTECTED MATERIAL

(a)     Available Designations.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)     Written Discovery and Documents and Tangible Things.   Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.   Court filings, such as pleadings, declarations, affidavits and the like, may be designated by placing the appropriate designation on the face of such document.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and/or mark the medium, container, and/or communication in which the digital files were contained, and/or may mark the files by indicating the appropriate designation in the file names.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.  To the extent a Receiving Party generates copies of any designated documents or information, whether electronic or hard copy, it shall ensure that such copies reflect any such designation.

(c)     <u>Native Files</u>.   Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12 below,  the party printing the electronic files or documents shall affix a legend to each page of the printed document corresponding to the designation of the Producing Party and include the production number and designation associated with the native file.  No party shall alter any electronic files or documents produced in native electronic format.

(d)     <u>Depositions and Testimony</u>.   Parties or testifying persons or entities may designate depositions and other testimony, or portions thereof, with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. The court reporter shall be informed of this Protective Order and shall be required to operate in a

manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, Outside Counsel for each of the Parties, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**8.     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" which it reasonably considers to contain or reflect non-public, confidential, proprietary, and/or commercially sensitive information, or information subject to an obligation of confidentiality to a third party or a court.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's paralegals and staff, and any copying, clerical, or technical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers, employees or owners of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, who are actively engaged in assisting outside counsel with respect to this litigation, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the

1    provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved

2    objections to such disclosure exist after proper notice has been given to all Parties as set forth

3    in Paragraph 12 below;

4                  (iii)    Any outside expert or consultant retained by the Receiving Party to assist

5    in this action, and his/her support staff working at the direction of the outside expert or

6    consultant, provided that disclosure is only to the extent necessary to perform such work; and

7    provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

8    Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current

9    officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time

10   of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c)

11   such expert or consultant accesses the materials in the United States only, and does not transport

12   them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such

13   disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

14                 (iv)    Court reporters, stenographers and videographers retained to record

15   testimony taken in this action;

16                 (v)     The Court, jury, and court personnel;

17                 (vi)    Graphics, copying, translation, design, and/or trial consulting personnel

18   having first agreed to be bound by the provisions of the Protective Order by signing a copy of

19   Exhibit A;

20                 (vii)   Mock jurors who have signed an undertaking or agreement agreeing not to

21   publicly disclose Protected Material and to keep any information concerning Protected Material

22   confidential;

23                 (viii)  Any mediator who is assigned to hear this matter, and his or her staff,

24   subject to their agreement to maintain confidentiality to the same degree as required by this

25   Protective Order; and

26                 (ix)    Any other person with the prior written consent of the Producing Party.

27

28   **CASE NO. 16-CV-02595-JD**
     **STIPULATED PROTECTIVE ORDER – PAGE 10**

**9.     DISCOVERY     MATERIAL     DESIGNATED     AS     "CONFIDENTIAL     –
ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL –
ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential
and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such
Discovery Material is likely to cause economic harm or significant competitive disadvantage to
the Producing Party.  The Parties agree that, by way of non-limiting example, information in one
or more of the following categories, if non-public, shall be presumed to merit the
"CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:   trade secrets, pricing
information, financial data, sales information, sales or marketing forecasts or plans, business plans,
sales or marketing strategy, price lists and/or pricing information, product development
information, schematic diagrams, manufacturing and engineering documents, specifications,
research notes and materials, technical descriptions and/or depictions of the relevant technology,
testing documents, employee information, customer and vendor lists and agreements, patent
license agreements and information, other license and/or settlement agreements and information,
negotiations regarding patent license, other license and/r settlement agreements, and other non-
public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as
"CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside
Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,
730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such
Outside Counsel's paralegals and staff, and any copying, clerical, or technical litigation support
services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist
in this action, and his/her support staff working at the direction of the outside expert or

CASE NO. 16-CV-02595-JD
**STIPULATED PROTECTIVE ORDER – PAGE 11**

consultant, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

     (iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

     (iv)    The Court, jury, and court personnel;

     (v)    Graphics, copying, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

     (vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

     (vii)    Any other person with the prior written consent of the Producing Party.

     (c)    In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.  A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example,

documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

**10.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)    Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)    The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's paralegals and staff, and any copying, clerical or technical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, and his/her support staff working at the direction of the outside expert or consultant, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time

of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)    The Court, jury, and court personnel;

(v)    Graphics and/or trial consulting personnel having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)    Any other person with the prior written consent of the Producing Party.

## 11.    DISCLOSURE AND REVIEW OF SOURCE CODE

(a)    Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the San Jose office of its outside counsel, Fisch Sigler LLP, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Apple Inc. will be made available for inspection at the Silicon Valley office of its outside counsel, Fish & Richardson, P.C., or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)    Prior to the first inspection of any requested Source Code, the Receiving Party shall provide twenty-one (21) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide seven (7) days notice prior to any additional inspections.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or outside experts or consultants in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's Outside Counsel and/or outside experts or consultants may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with a CD or DVD containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, tablets, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)     The Receiving Party's Outside Counsel and/or outside experts or consultants shall be entitled to take notes relating to the Source Code but may not copy the Source

1   Code into the notes and may not take such notes electronically on the Source Code Computer itself

2   or any other computer.  Each page of any such notes containing Source Code information (and any

3   additional notes, analyses, or descriptions relating thereto) must be marked as "CONFIDENTIAL

4   – ATTORNEYS' EYES ONLY – SOURCE CODE."

5                    (iv)    The Producing Party may visually monitor the activities of the Receiving

6   Party's representatives during any Source Code review, but only to ensure that no unauthorized

7   electronic records of the Source Code and no information concerning the Source Code are being

8   created or transmitted in any way.  The Producing Party or its representatives may not be present

9   in the Source Code room during the Receiving Party's Source Code review.  Any visual monitoring

10  under this Paragraph must be done from outside the Source Code review room, and must be

11  performed such that the Producing Party or its representatives cannot view any notes taken by the

12  Receiving Party or its representatives during the Source Code review.  The Producing Party may

13  not engage in any audio monitoring of the Producing Party's Source Code review.

14                   (v)    Access to and review of the Source Code shall be strictly for the purposes

15  of investigating the claims and defenses at issue in this action.  No person shall review or analyze

16  any Source Code for purposes unrelated to this action, and no person may use any knowledge

17  gained as a result of reviewing the Source Code in this action in any other pending or future

18  dispute, proceeding or litigation.

19                   (vi)    No copies of all or any portion of the Source Code may leave the Source

20  Code Review Room except as otherwise provided herein.  Further, no other written or electronic

21  record of the Source Code is permitted except as otherwise provided herein.  The Producing Party

22  shall make available a laser printer with commercially reasonable printing speeds for on-site

23  printing during inspection of the Source Code.  The Receiving Party may print limited portions of

24  the Source Code only when necessary to prepare court filings or pleadings or other papers

25  (including a testifying expert's expert report). Any printed portion that consists of more than

26  twenty-five (25) pages of a continuous block of Source Code shall be presumed to be excessive,

27

28  **CASE NO. 16-CV-02595-JD**
    **STIPULATED PROTECTIVE ORDER – PAGE 16**

and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy. The Receiving Party may print out no more than seven hundred and fifty (750) pages total.  If the Receiving Party deems it necessary to print more than seven hundred and fifty (750) total pages of Source Code or twenty-five (25) pages of a continuous block of Source Code, the Receiving Party and the Producing Party shall meet and confer to determine the appropriate amount of additional pages to be printed. If, after meeting and conferring, the Producing Party and the Receiving Party cannot come to an agreement, the Receiving Party shall be entitled to seek a Court resolution of whether the requested additional pages of printed Source Code are narrowly tailored for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that the requested additional pages are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party.  Within seven (7) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary

for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vii)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order.

(viii)    All persons accessing the Source Code Computer shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon five (5) days' advance notice to the Receiving Party.

(ix)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or outside experts or consultants shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session, unless such items were left inadvertently, in which case confidentiality is not waived. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(x)     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel.

(xi)     The Receiving Party's Outside Counsel may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(vi), not including copies attached to court filings, expert reports, or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon five (5) days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(xii)     The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code or any notes, analyses, or descriptions of Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code or any notes, analyses, or descriptions of Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) individuals identified by the receiving party shall have access to the printed portions of Apple Source Code (except insofar as such code appears in any court filing or expert report).

(xiii)     For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least three (3) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record

will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Party's Outside Counsel for secure destruction in a timely manner following the deposition.

(xiv)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code), except when reproducing excerpts of the information for inclusion in an expert report, court filing or trial demonstrative, and then only according to the applicable restrictions contained in this Order.   Subject to the foregoing exceptions, images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code (of not more than five (5) pages of a continuous block of Source Code and not more than twenty (20) pages total) as part of a filing with the Court, the Party shall file any such Source Code under seal.  If the portion of Source Code that a Party reasonably believes it needs to submit as part of a filing with the Court exceeds five (5) pages of a continuous block of Source Code or twenty (20) pages total), then the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If the parties cannot reach resolution, the Receiving Party may seek relief from the Court.  In that event, the Source Code may be filed upon order of the Court.  Access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic

copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained experts or consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

**12.**    **NOTICE OF DISCLOSURE**

(a)    Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)    the name of the Person;

(ii)    an up-to-date curriculum vitae of the Person;

(iii)    the present employer and title of the Person;

(iv)    an identification of the Person's current and past (for ten (10) years) employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of computer and mobile operating systems, or relating to the acquisition of intellectual property assets relating to computer and mobile operating systems;

(v)    an identification of all issued and/or pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi)     a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of computer and mobile operating systems, or the acquisition of intellectual property assets relating to computer and mobile operating systems.

(b)     Within seven (7) days of receipt of the disclosure of the Person, a Producing Party may object in writing to the Person for good cause, stating in that written objection that basis or bases for the objection.  In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.  If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection or the dispute is otherwise resolved.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order. The Party objecting to the disclosure shall provide the basis or bases for such objectively reasonable concern.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to seek relief from the Court within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

## 13.     **NON-PARTY DISCOVERY**

(a)     The Parties recognize that, during the course of this action, non-parties maybe called upon to produce "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Materials.  In such a case, a non-party that produces such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Material as Protected Material.

(b)     A non-party's use of this Order to designate Protected Material does not entitle that non-party to access any other Protected Information produced by any Party or other non-party in this action.

**14.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Producing Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**15.   SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and/or to its counsel and shall provide each such Party with a reasonable opportunity (not less than ten (10) days) to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

**16.   FILING PROTECTED MATERIAL**

(a)   Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)   Any Party is authorized under Local Rule 79-5 and the section on "Sealed Documents" in the Court's Standing Order for Civil Cases to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

**17.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)   The inadvertent production by a Producing Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made with reasonable promptness after the Producing Party learns of its inadvertent production.

(b)   Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing

Party, except for any pages containing privileged markings, information, summaries or derivations thereof made by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.  The Producing Party shall promptly provide a privilege log identifying such inadvertently produced Discovery Material, including the particular relevant bases and facts upon which its assertion or privilege and/or other protection is claimed.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, recipients, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## 18.   INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to properly designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.   The Receiving Parties shall certify to the Producing Party that the Discovery Material that was not designated properly has been returned or securely destroyed, as per the Producing Party's request.

(b)     A Receiving Party shall not be in breach of this Order for any use of such improperly designated Discovery Material before the Receiving Party receives notice that such Discovery Material is protected under one of the categories of this Order, or that the Discovery Material is entitled to a different designation than originally represented. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material, the

Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 18(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)   Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

## 19.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)   In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)   Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## 20.   FINAL DISPOSITION

(a)   Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of

1   this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the

2   above-captioned action with prejudice, including all appeals.

3       (b)     All Parties that have received any such Discovery Material shall certify in writing

4   that all such materials have been returned to the respective Outside Counsel of the Producing Party

5   or destroyed within ten (10) days of such return or destruction.  Notwithstanding the provisions

6   for return or destruction of Discovery Material, Outside Counsel may retain one set of pleadings

7   and exhibits thereto, correspondence and attorney and outside expert or consultant work product

8   (but not document productions) for archival purposes, but must return any pleadings,

9   correspondence, and outside expert or consultant work product that contain Source Code.

10   **21.   DISCOVERY FROM EXPERTS OR CONSULTANTS**

11       (a)     Testifying outside experts or consultants shall not be subject to discovery with

12   respect to any draft of his or her report(s) in this case.  Draft reports, notes, outlines for draft

13   reports, or other written materials relating to the drafting of a report developed and drafted by the

14   testifying expert or consultant and/or his or her staff are also exempt from discovery.

15       (b)     Discovery of materials provided to testifying experts shall be governed by the

16   provisions of Federal Rule of Civil Procedure 26. No discovery can be taken from any non-

17   testifying expert except to the extent that such non-testifying expert has provided information,

18   opinions, or other materials to a testifying expert relied upon by that testifying expert in forming

19   his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

20       (c)     No conversations or communications between counsel and any outside expert or

21   consultant will be subject to discovery except for that permitted by Federal Rule of Civil Procedure

22   26.

23       (d)     Materials, communications, and other information exempt from discovery under

24   the foregoing Paragraphs 21(a) – (c) shall be treated as attorney-work product for the purposes of

25   this litigation and Order.

26

27

28   **CASE NO. 16-CV-02595-JD**
    **STIPULATED PROTECTIVE ORDER – PAGE 28**

(e)     Nothing in Protective Order, include Paragraphs 21(a)–(c), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

**22.     MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.  The provisions of this Order may not be modified, waived, or terminated except by the written stipulation of counsel or order of the Court.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(e)     <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected

Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California

       (f)    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

       (g)    <u>No Probative Value</u>.  This Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party of person with respect to any Protected Material.  The fact that information is designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually be "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."  This Order shall be without prejudice to the right of any Party to bring before the Court questions regarding (a) whether any particular material is or is not properly protected or designated or (b) whether any particular material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the Party complies with the procedures set forth herein.  The fact that any information is disclosed, used, or produced in any court proceeding in this action shall not be offered in any action proceeding before any court, agency or tribunal as evidence of whether or not such information is admissible, confidential, proprietary, or protected.

       (h)    Sanctions.  This Order will be enforced by the sanctions set forth in Federal Rule of Civil Procedure 37(b) and any other sanctions as maybe available to the Court.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: September 8, 2016 _____  */s/ R. William Sigler*
                                              Counsel for Plaintiff

Dated: September 8, 2016 _____  */s/ Michael A. Bittner*
                                              Counsel for Defendant

**ATTESTATION:** Pursuant to Local Rule 5-1(i)(3) I hereby attest that concurrence in the filing of this document has been obtained from Michael Bittner.

By: /s/ *R. William Sigler* _____
    R. William Sigler

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: _____

UNITED STATES DISTRICT JUDGE

1

2

## **EXHIBIT A**

3

I, _____, acknowledge and declare that I have received a

4

copy of the Protective Order ("Order") in *Realtime Data, LLC v. Apple, Inc.*, United States

5

District Court, District of Northern California, Civil Action No. 16-cv-02595.  Having read and

6

understood the terms of the Order, I agree to be bound by the terms of the Order and consent

7

to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the

8

Order.

9

10

Name of individual: _____

11

Present occupation/job description: _____

12

13

_____

14

_____

15

16

Name of Company or Firm: _____

17

Address:_____

18

19

Dated: _____

20

21

22

_____

23

[Signature]

24

25

26

27

28

**CASE NO. 16-CV-02595-JD**
**STIPULATED PROTECTIVE ORDER – PAGE 32**