David M. Saunders (SBN. 260742)
David.Saunders@fischllp.com
Fisch Sigler LLP
96 North Third Street, Suite 260
San Jose, CA 95112
Telephone: 650.362.8200

OF COUNSEL:
Alan M. Fisch
Alan.Fisch@fischllp.com
R. William Sigler
Bill.Sigler@fischllp.com
Jeffrey M. Saltman
Jeffrey.Saltman@fsichllp.com
Fisch Sigler LLP
5301 Wisconsin Avenue NW, Fourth Floor
Washington, DC 20015
Telephone: 202.362.3500

Attorneys for Plaintiff
REALTIME DATA, LLC D/B/A IXO

Katherine Vidal (SBN 194971 / vidal@fr.com)
Betty H Chen (SBN 290588 / bchen@fr.com)
Matthew R. McCullough (SBN 301330 /
mccullough@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

OF COUNSEL:
Thomas M. Melsheimer (melsheimer@fr.com)
Michael A. Bittner (bittner@fr.com)
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

John Brinkmann (brinkmann@fr.com)
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

Attorneys for Defendant
APPLE, INC.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTIME DATA, LLC D/B/A/ IXO<br><br>    Plaintiff,<br><br>    vs.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 16-cv-02595-JD<br><br>**STIPULATED [PROPOSED] ESI ORDER** |

Plaintiff Realtime Data, LLC d/b/a IXO ("Plaintiff") and Defendant Apple Inc. ("Defendant") anticipate that Electronically Stored Information ("ESI") is likely to be collected and produced during the course of discovery in this case and request that the Court enter this Order setting forth the conditions for requesting and producing such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated ESI Order ("Order" or "ESI Order").

**1.    PURPOSE**

(a)    This Order supplements all other discovery rules and orders. It streamlines ESI production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

(b)    This Order may be modified in the Court's discretion or by stipulation.

(c)    As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

(d)    A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

(e)    The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

**2.    CUSTODIAN ESI**

(a)    General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include electronic files, email, or other forms of electronic correspondence residing on personal computers, network resources, and other electronic devices for a specific custodian's use for work purposes (collectively "Custodian ESI"). Custodian ESI does not include information stored on shared drives, files, repositories or other such shared electronic management and storage tools.  To obtain Custodian ESI parties must propound specific production requests.

(b)    Custodian ESI production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

**CASE NO. 16-CV-02595-JD**
**STIPULATED ESI ORDER – PAGE 2**

(c)     Custodian ESI production requests shall be phased to occur after the parties have exchanged initial disclosures, infringement contentions and accompanying documents pursuant to Patent Local Rule 3-1 and 3-2, and invalidity contentions and accompanying documents pursuant to Patent Local Rule 3-3 and 3-4.

(d)     Custodian ESI production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

(e)     The parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review and production of electronically stored information, which shall consist of no more than a total of five (5) custodians per producing party. The parties may jointly agree to modify this limit without the Court's leave.  In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case (e.g., the asserted patents, the development, design and operation of the accused products, and sales, marketing and other damages-related information for the accused products).

(f)     The parties then shall meet and confer to reach agreement on search terms to be used for electronic searches of the files from those custodians, which shall be limited to no more than a total of eight (8) search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave.  The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production

**CASE NO. 16-CV-02595-JD**
**STIPULATED ESI ORDER – PAGE 3**

and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve Custodian ESI production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery. The parties may jointly agree to modify this limit without the Court's leave.

(g)     Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents). The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results.

(h)     The parties will exchange privilege logs in accordance with the Court's orders.

**3.     PRODUCTION FORMAT AND LIMITATIONS**

(a)     Format for production of documents existing in electronic format.  Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in either multiple page, searchable PDF format or TIFF format.

(b)     For productions in PDF format:

(i)     documents shall be produced in multiple page, searchable PDF format at a resolution of at least 300 dpi with document level text files and a Concordance. DAT load file;

(ii)     the producing party shall make reasonable efforts to convert to searchable PDF.

(c)    For productions in TIFF format:

    (i)    documents shall be produced in single page, 300 dpi (minimum) Group IV TIF images in accordance with the following:

    (ii)    the extracted text for each document shall be provided as document level text files.  The file name shall match the BEGDOC identifier for that specific record and be accompanied by the .txt extension;

    (iii)    images without extracted text will be OCR'd;

    (iv)    an Opticon .OPT load file will be provided which references the images;

    (v)    a Concordance .DAT file with metadata field delimiters will be provided as described in 3(d) below and with references to the document level files; and

(d)    Each image shall contain a footer with a sequentially ascending production number (otherwise known as a "bates stamp").

(e)    <u>Metadata</u>.   Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

(f)    <u>Production media and encryption of productions</u>.   Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data using WinRAR encryption, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

(g)     <u>Format for production of documents existing in hardcopy or paper</u>.  All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

(h)     <u>Source code</u>. This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

(i)     <u>Parent and child emails</u>.  The parties shall produce email attachments sequentially after the parent email.

(j)     <u>Native files</u>.  The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating that the document is being produced natively, the production identification number and the confidentiality designation for the native file that is being produced.

(k)     <u>Databases</u>.  Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table.  These reports or data tables will be produced in a static format.  The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

(l)     <u>Requests for hi-resolution or color documents</u>.  The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images.  Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read.  The producing party shall have the option of responding by producing a native-file version of the document.  If a dispute arises with regard to

requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

(m)     Foreign language documents. All documents shall be produced in their original language.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.   In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation.   Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

(n)     No Backup Restoration Required.  Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in the party's normal processes, including but not limited to backup tapes, disks, SAN, and other such forms of media, to comply with its discovery obligations in this case.

(o)     Sources Not Reasonably Accessible.  Absent a showing of good cause, backup data and media, voicemails, PDAs, mobile phones, instant messages, messages on social media sites (i.e., Facebook, Twitter, etc.), data stored on photocopiers, scanners, and fax machines, server, system or network logs are deemed not reasonably accessible and need not be collected and preserved.  Nothing in this Order will prevent a party from asserting objections to the production of additional categories of information as not reasonably accessible.

1    **IT IS SO STIPULATED**, through Counsel of Record.

2
     Dated: September 8, 2016 _____      */s/ R. William Sigler*
3                                                Counsel for Plaintiff

4    Dated: _____      */s/ Michael A. Bittner*
                                                 Counsel for Defendant
5

6    **ATTESTATION:** Pursuant to Local Rule 5-1(i)(3) I hereby attest that concurrence in the filing

7    of this document has been obtained from Michael Bittner.

8
                                    By: /s/ *R. William Sigler* _____
9                                        R. William Sigler

10

11

12   **IT IS ORDERED** that the forgoing Agreement is approved.

13   Dated: _____

14                                   UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27
     **CASE NO. 16-CV-02595-JD**
28   **STIPULATED ESI ORDER – PAGE 8**

## EXHIBIT A

## TABLE OF METADATA FIELDS

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |

| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
|---|---|---|---|---|
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |